UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SARAH L. LUDWIG,

    Plaintiff,

v.                                        Case No: 8:16-cv-2199-T-JSS

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

**ORDER**

Plaintiff, Sarah L. Ludwig, seeks judicial review of the denial of her claim for a period of disability, disability insurance, and supplemental security income. As the Administrative Law Judge's ("ALJ") decision was based on substantial evidence and employed proper legal standards, the decision is affirmed.

**BACKGROUND**

    **A.**     **Procedural Background**

Plaintiff filed an application for a period of disability on October 13, 2010. (Tr. 300–310.) The Commissioner denied Plaintiff's claims both initially and upon reconsideration. (Tr. 152–165.) Plaintiff then requested an administrative hearing. (Tr. 166.) Upon Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified. (Tr. 42–76.) Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and accordingly denied Plaintiff's claims for benefits. (Tr. 125–135.) Subsequently, the Appeals Council remanded the case back to the ALJ for further action, directing the ALJ to obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on Plaintiff's occupational base.

(Tr. 142–143.)  On October 3, 2014, the ALJ held a second hearing and subsequently issued a new decision, incorporating his findings made within his previous decision and again finding Plaintiff not disabled.  (Tr. 13–21; 78–109.)  Plaintiff then timely filed a complaint with this Court.  (Dkt. 1.)  The case is now ripe for review under 42 U.S.C. § 405(g) and 42 U.S.C. § 1383(c)(3).

### B. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1985, claimed disability beginning on July 1, 2010.  (Tr. 44, 79, 302.)  Plaintiff has a high school education.  (Tr. 331.)  Plaintiff's past relevant work experience includes work as a cashier, accounting clerk, dietician, and warehouse worker.  (Tr. 331, 350–357.)   Plaintiff alleged disability due to anxiety, depression, hyperthyroid disease, trouble concentrating, jaw pain, difficulty breathing, and insomnia.  (Tr. 330.)

In rendering the decision, the ALJ concluded that Plaintiff had not performed substantial gainful activity since July 1, 2010, the alleged onset date.  (Tr. 16.)  After conducting a hearing and reviewing the evidence of record, the ALJ determined that Plaintiff had the following severe impairments: panic disorder with agoraphobia, social phobia, anxiety, and hyperthyroidism.  (Tr. 16.)  Notwithstanding the noted impairments, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (Tr. 16.)  The ALJ then concluded that Plaintiff retained a residual functional capacity ("RFC") to perform medium work with the additional limitation that she can only have occasional interaction with the general public and co-workers.  (Tr. 17.)  In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that reasonably could be expected to produce the symptoms alleged, Plaintiff's

statements as to the intensity, persistence, and limiting effects of her symptoms were not fully credible. (Tr. 18.)

Considering Plaintiff's noted impairments and the assessment of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform her past relevant work as a collections clerk as performed by Plaintiff. (Tr. 18.) Given Plaintiff's background and RFC, the VE further testified that Plaintiff could perform other jobs existing in significant numbers in the national economy, such as a laundry worker, dishwasher, and cleaner. (Tr. 20.) Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VE, the ALJ found Plaintiff not disabled. (Tr. 20.)

## APPLICABLE STANDARDS

To be entitled to benefits, a claimant must be disabled, meaning that the claimant must be unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities that are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, in order to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 416.920. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 416.920(a). Under this process, the ALJ must determine, in sequence, the following: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the

claimant has a severe impairment, i.e., one that significantly limits the ability to perform work-related functions; (3) whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404, Subpart P, Appendix 1; and, (4) whether the claimant can perform his or her past relevant work.  If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of the claimant's age, education, and work experience.  20 C.F.R. § 416.920(a).  A claimant is entitled to benefits only if unable to perform other work.  *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987); 20 C.F.R. § 416.920(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards.  *See* 42 U.S.C. § 405(g).  Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).  While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions.  *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994).

In reviewing the Commissioner's decision, the court may not decide the facts anew, re-weigh the evidence, or substitute its own judgment for that of the ALJ, even if it finds that the evidence preponderates against the ALJ's decision.  *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).  The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal.  *Keeton*, 21 F.3d at 1066.  The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the

correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

## ANALYSIS

Plaintiff raises the following issue on appeal: the ALJ erred in evaluating Plaintiff's mental RFC. Specifically, Plaintiff contends that the ALJ erred in adopting his previous findings without properly addressing the new evidence presented after the Appeals Council remanded Plaintiff's case. Plaintiff further argues that the ALJ erred in adopting the opinion of non-examining psychologist Michael Zelenka, Ph.D. in determining Plaintiff's mental RFC because the opinion is contradicted by the record.

### A. The ALJ's Assessment of Plaintiff's New Evidence

At step four of the sequential evaluation process, the ALJ assesses the claimant's RFC and ability to perform past relevant work. 20 C.F.R. § 404.1520(a)(4)(iv). The RFC is "the most" a claimant "can still do despite [his or her] limitations." *Id.* § 404.1545(a)(1); *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). To determine a claimant's RFC, an ALJ assesses all of the relevant evidence of record, and the ALJ considers the claimant's "ability to meet the physical, mental, sensory, and other requirements of work." 20 C.F.R. § 404.1545(a)(1), (a)(4). The ALJ will consider the limiting effects of all the claimant's impairments, even those that are not severe, in determining the RFC. *Id.* § 404.1545(e). Importantly, while all medical opinions, including opinions regarding a claimant's RFC, must be considered, a claimant's RFC is a decision "reserved to the Commissioner." 20 C.F.R. § 404.1527(d)(2); *see Denomme v. Comm'r of Soc. Sec.*, 518 Fed. App'x 875, 877–78 (11th Cir. 2013).

Plaintiff contends that the ALJ failed to properly address the new evidence submitted after the Appeals Council's remand and, therefore, the ALJ's mental RFC assessment is not supported

by substantial evidence. Plaintiff argues that the ALJ failed to reconcile his findings with the new medical evidence from Plaintiff's therapist, Mary St. Aubin, detailing Plaintiff's worsening anxiety. (Dkt. 24 at 22.) Plaintiff acknowledges that therapists are not "acceptable medical sources" under 20 C.F.R. § 404.1513(a). However, Plaintiff asserts that pursuant to 20 C.F.R. § 404.1513(d), therapist opinions are still evidence that must be considered and can "show the severity of [an] impairment(s) and how it affects [a claimant's] ability to work." (Dkt. 24 at 23.)

Plaintiff argues that the treatment records from Ms. St. Aubin "demonstrate that Plaintiff continued to experience significant symptoms of anxiety despite medication, counseling, and treatment for her thyroid condition." (Dkt. 24 at 23.) For example, Ms. St. Aubin diagnosed Plaintiff with panic disorder without agoraphobia. (Tr. 634.) In June 2012, Plaintiff reported having depression and anxiety with obsessive thinking, headaches, low energy, a history of cutting herself, and occasional suicidal thoughts. (Tr. 631.) She scored a 69 on the Burns Anxiety Inventory, indicating extreme anxiety. (Tr. 631.) Plaintiff also reported that she "stays in the house most of the time for fear of panic attacks" and "[s]he has tried different techniques to get control of the anxiety but nothing really seems to work." (Tr. 696.) In July 2012, Plaintiff reported that she had not had a "big panic attack in a week." (Tr. 695.) In August 2012, Plaintiff reported having "one of the worst panic attacks" while she was relaxing with her friends. (Tr. 695.) Plaintiff felt sick and had trouble walking. (Tr. 695.) Her medication did not help because she was vomiting, but the attack passed after approximately an hour. (Tr. 695.) Plaintiff also reported that "her anxiety has felt better overall." (Tr. 695.) In September 2012, Plaintiff was not having panic attacks but still had anxiety. (Tr. 694.) Plaintiff contends that these treatment notes

demonstrate that Plaintiff has panic attacks regularly, contrary to the ALJ's RFC assessment. (Dkt. 24 at 24.)

In his second decision, the ALJ incorporated his findings from the first decision, including his assessment of the medical and opinion evidence. (Tr. 13.) The ALJ specifically addressed the new evidence submitted after the Appeals Council's remand, stating that it is "cumulative in nature, is not considered 'new and material' and does not change the outcome" with respect to the prior findings. (Tr. 13.) The ALJ also noted that Ms. St. Aubin's treatment records "simply show continued routine and conservative care for the claimant's severe impairments without any significant change in her condition since the previous decision was issued." (Tr. 13.) The Court notes that as a therapist, Ms. St. Aubin is designated as an "other source" of evidence under Social Security Ruling ("SSR") 06-03p and her opinions are not considered medical opinions. SSR 06-03p.[1] Therefore, the ALJ was not required to specifically assign and explain the weight given to Ms. St. Aubin's opinion in his decision. *Id.*; 20 C.F.R. § 404.1527; *McMahon v. Comm'r Soc. Sec. Admin.*, 583 Fed. App'x 886, 891–92 (11th Cir. 2014).

The Commissioner argues that the evidence submitted after the Appeals Council's remand was not substantially different from the evidence already in the file. (Dkt. 25 at 6.) For example, the records include duplicate records from Ms. St. Aubin. Indeed, many of the documents from Ms. St. Aubin submitted after the Appeals Council's remand were previously in the record when the ALJ issued his initial decision. (Tr. 629–637, 696–704.) Also, as stated by the Commissioner, the ALJ previously addressed Plaintiff's Burns Anxiety Inventory score of 69, noting it twice within his initial decision. (Tr. 130, 132.)

---

[1] Although it has been rescinded, SSR 06-03p was in effect for claims filed prior to March 27, 2017, including Plaintiff's claims.

The Court finds that the ALJ's RFC determination is supported by substantial evidence. In assessing Plaintiff's RFC, the ALJ considered Plaintiff's testimony, Plaintiff's fiancé's testimony, treatment records from Plaintiff's emergency room visits, opinions of state agency and consultative examiners, and Plaintiff's daily activities. (Tr. 130–134.) First, the ALJ addressed Plaintiff's testimony, including Plaintiff's assertion that she is able to bathe and dress herself without assistance, cook light meals, wash dishes, do laundry, mop, sweep, and vacuum. (Tr. 132, 375–376.) Plaintiff further testified that that she uses the computer to check her e-mail and social media account. Plaintiff also reported that she is able to count change, pay bills, follow written and spoken instructions, and frequently completes puzzles. (Tr. 132, 377–378.)

The ALJ also appropriately considered Plaintiff's fiancé's testimony that Plaintiff plays between eight and twelve hours of computer games per day, stopping approximately every two hours when her hand cramps. (Tr. 71–72, 132.) The ALJ further noted his testimony that Plaintiff experiences three or four panic attacks per week and has difficulty sleeping. (Tr. 134.) *See* 20 C.F.R. § 404.1545(a)(3) ("We will also consider descriptions and observations of your limitations from your impairment(s) . . . provided by you, your family, neighbors, friends, or other persons."). Although the ALJ considered Plaintiff's fiancé's testimony, he assigned it little weight because of the high degree of subjectivity and lack of medically accepted standards. (Tr. 134.)

The ALJ also considered Plaintiff's treatment records from the emergency room. The ALJ noted that these records indicate that Plaintiff may have an issue with medication compliance, alcohol abuse, and overstating her limitations. (Tr. 131.) Specifically, the ALJ referred to Plaintiff's July 2009 emergency room visit for panic attacks, wherein the treating physician noted that Plaintiff had not taken her prescription medication and that the panic attack was secondary to medication compliance and alcohol abuse. (Tr. 488–489.) In February 2009, Plaintiff again

presented to the emergency room for a panic attack and reported symptoms after drinking. (Tr. 504.) The treating physician noted that Plaintiff's anxiety is "likely made worse by alcohol ingestion." (Tr. 506.)

The ALJ's assessment of Plaintiff's RFC is further supported by records from the Sarasota Health Department. In June 2013, Plaintiff reported "feeling well emotionally," and in July 2014, Plaintiff reported that her anxiety was "under control." (Tr. 713.) In August 2014, Plaintiff reported having panic attacks, but she also reported that she was not taking her medication or seeing her counselor. (Tr. 707.) This supports the ALJ's comments regarding Plaintiff's issues with medication compliance.

Next, the ALJ considered the opinions of consultative examiner Daniel Van Ingen, Ph.D. and state agency medical consultant Michael Zelenka, Ph.D. Dr. Ingen examined Plaintiff in January 2011 and observed that Plaintiff's manner of relating, social skills, and overall presentation were impaired by anxiety. (Tr. 526.) The ALJ assigned Dr. Ingen's opinion that Plaintiff was capable of only simple tasks and would be overwhelmed when dealing with daily routine stress little weight because it appeared to be based on Plaintiff's subjective complaints and is not supported by the evidence in the record. (Tr. 133, 525–529.)

State agency consultant Dr. Zelenka reviewed Plaintiff's medical record in January 2011 and opined that Plaintiff's anxiety was likely linked to her hyperthyroid condition. (Tr. 155.) He further opined that by July 2011, Plaintiff's treatment for her hyperthyroidism would be more effective and that while she may still have some anxiety, she will be able to leave her home independently and carry out instructions adequately. (Tr. 551.) Dr. Zelenka recommended Plaintiff have minimal public contact. (Tr. 551.) The ALJ afforded Dr. Zelenka's opinion significant weight, reasoning that the opinion was affirmed in February 2011 by Dr. Angeles

Alvarez-Mullin and is consistent with the record. (Tr. 133.) Dr. Zelenka's opinion supports the ALJ's RFC assessment that Plaintiff is able to perform medium work with only occasional interaction with the general public and co-workers. (Tr. 17.) Accordingly, the ALJ properly evaluated the record, and substantial evidence supports the RFC assessment.

Further, Plaintiff has not identified any work-related limitations related to her anxiety that are supported by the new evidence. Plaintiff bears the burden of showing that she has a severe impairment or combination of impairments that may qualify as a disability. *Hutchinson v. Astrue*, 408 Fed. App'x. 324, 326 (11th Cir. 2011) (citing *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)). "[T]he 'severity' of a medically ascertained disability must be measured in terms of its effect upon ability to work, not simply in terms of deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). Proof of the mere existence of an impairment does not prove the extent to which the impairment may limit Plaintiff's ability to work. *Hutchinson*, 408 Fed. App'x. at 326. Here, Plaintiff points to no medical record included in the evidence submitted after the Appeals Council's remand indicating that Plaintiff's anxiety limited her ability to work. Therefore, Plaintiff's argument does not warrant remand.

### B. Dr. Zelenka's Opinions

Plaintiff next contends that the ALJ erred in adopting the opinion of state agency consultant Dr. Zelenka in assessing Plaintiff's RFC. (Dkt. 24 at 21.) Plaintiff asserts that the ALJ cannot solely rely on Dr. Zelenka's opinion as reliance on the reports of reviewing, non-examining physicians do not constitute substantial evidence. (Dkt. 24 at 24.)

First, the Court notes that the ALJ did not adopt Dr. Zelenka's opinion. Rather, the ALJ afforded Dr. Zelenka's opinion significant weight. (Tr. 133.) State agency consultants "are highly

qualified and experts in Social Security disability evaluation." 20 C.F.R. § 404.1513a(b)(1). Plaintiff is correct in arguing that "reports of physicians who do not examine the claimant, taken alone, do not constitute substantial evidence on which to base an administrative decision." *Spencer on Behalf of Spencer v. Heckler*, 765 F.2d 1090, 1094 (11th Cir. 1985). However, as discussed above, the ALJ's RFC assessment is supported by substantial evidence and was not based solely on the opinion of Dr. Zelenka.

Plaintiff further argues that Dr. Zelenka's opinion that Plaintiff's hyperthyroidism and related anxiety would be resolved by July 2011 is not supported by the treatment records. (Dkt. 24 at 22.) However, Plaintiff's argument misconstrues Dr. Zelenka's opinion. Dr. Zelenka opined that by July 2011, Plaintiff's treatment for her hyperthyroidism would be more effective and that while she may still have some anxiety, she will be able to leave her home independently. (Tr. 551.) The record supports the ALJ's RFC assessment and reliance on Dr. Zelenka's opinion. Additionally, to the extent that Plaintiff points to other evidence which would undermine the ALJ's RFC determination, her contentions misinterpret the narrowly circumscribed nature of the court's appellate review, which precludes us from "re-weigh[ing] the evidence or substitut[ing] our judgment for that [of the Commissioner]…even if the evidence preponderates against" the decision. *Moore v. Barnhart*, 405 F.3d 1208, 1213 (11th Cir. 2005) (quoting *Bloodsworth,* 703 F.2d at 1239). This court may not reweigh the evidence and decide facts anew and must defer to the ALJ's decision if it is supported by substantial evidence even if the evidence may preponderate against it. *See Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005).

Last, Plaintiff also notes that the ALJ failed to order a consultative examination after July 2011, the improvement date opined by Dr. Zelenka. (Dkt. 24 at 25.) However, the ALJ "is not required to order a consultative examination as long as the record contains sufficient evidence for

the administrative law judge to make an informed decision." *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007).  The regulations "may require" a consultative examination only when necessary information is not in the record and cannot be obtained from the claimant's treating medical sources or other medical sources. 20 C.F.R. § 404.1519a(b).  Contrary to Plaintiff's argument, the ALJ's findings regarding Plaintiff's RFC were based on ample record evidence.  Thus, the ALJ was not required to obtain a consultative examination for Plaintiff.

## CONCLUSION

Accordingly, after due consideration and for the foregoing reasons, it is

**ORDERED**:

1. The decision of the Commissioner is **AFFIRMED**

2. The Clerk of Court is directed to enter final judgment in favor of the Commissioner and close the case.

**DONE** and **ORDERED** in Tampa, Florida, on July 19, 2017.

_____
JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Counsel of Record